UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARMELO QUIRINDONGO GONZALEZ**,

    Plaintiff[s],

v.                                           Case No. **8:25-CV-01281-WFJ-SPF**

**UNITED WHOLESALE MORTGAGE LLC**,

    Defendant[s].

_____

**UNITED WHOLESALE MORTGAGE'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant United Wholesale Mortgage LLC ("UWM") submits the following:

### I.    Preliminary Statement

1. This is a residential foreclosure dispute. The plaintiff is a mortgagor proceeding *pro se*. UWM is the mortgagee, and the only named defendant. The plaintiff asserts claims against UWM for Constructive Fraud, Misrepresentation, Declaratory Relief and Injunctive Relief. The subject mortgage has already been reduced to judgment, and the foreclosure sale ordered thereby has already occurred. This motion is UWM's initial response to the plaintiff's complaint. The plaintiff's claims are barred under the doctrine of *res judicata*, and the plaintiff fails to state a claim against UWM.

23-001886

## II.  Relief Requested

2. That the Court dismiss the plaintiff's complaint filed herein on May 27, 2025 at doc. 1 (the "Complaint") in its entirety.

## III.  Grounds

3. *Res judicata*. A Court of competent jurisdiction has rendered a final decision concerning the plaintiff's claims.

4. Federal Rule of Civil Procedure 12(b)(6). Each of the plaintiff's claims fail as a matter of law because he pleads only conclusory statements unsupported by any allegation of fact.

## IV.  Statement of Facts

5. In November 2013 Carmelo Quirindongo Gonzalez (the "Plaintiff") along with Arlene Joyce Witter entered into a mortgage contract to finance their purchase of that one certain property (the "Property") with UWM as the mortgagee (the "Mortgage"). Compl. at ¶ 2, Ex. A.

6. Plaintiff defaulted under the Mortgage and UWM filed suit to foreclose in December 2023 in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida (the "State Court") which was assigned case number 2023CA006848000000 (the "Foreclosure Case"). *Id.* at ¶ 6, Ex. B.

7. As set forth on the declaration of Heather Griffiths, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Movant's**

**Ex. No. 1**, in May 2024 Plaintiff was duly served with process via publication in the Foreclosure case. Griffiths Dec. at Movant's Exhibit No. 1-A.

8. In April 2025 the State Court rendered judgment in the Foreclosure Case that UWM is due $225,288.59 under the Mortgage and ordered judicial foreclosure of the Property (the "Foreclosure Judgment"). *Id.* at Movant's Exhibit No. 1-B.

9. Plaintiff appeared in the Foreclosure Case and unsuccessfully sought to have the Foreclosure Judgment vacated asserting fraud, misrepresentation and misconduct by UWM. *Id.* at Movant's Exhibit No. 1-C.

10. The Property was sold at judicial foreclosure to UWM on June 24, 2025 for $121,100.00 (the "Foreclosure Sale"). *Id.* at Movant's Exhibit No. 1-D.

V. Argument

**MOTION TO TAKE JUDICIAL NOTICE**

11. A district court is authorized to take judicial notice of relevant public documents in considering a motion to dismiss. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999). "[C]ourts may take judicial notice of 'a fact that is not subject to reasonable dispute because it' is either 'generally known with-in the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" *Utterback v. Morris*, 2025 U.S. App. LEXIS 12333, *13 (citing FED R. EVID. 201(b); *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023)). "Public records, including filings in other judicial proceedings, are generally subject to judicial notice for purposes other than

establishing the 'truth of the matters asserted in the other litigation.'" *Id.* (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

12.     Plaintiff pleads the Foreclosure Case and states that a purpose of this lawsuit is to stop the Foreclosure Sale. Material related to the Foreclosure Case is thus relevant to this proceeding. The material attached to **Movant's Ex. No. 1** are the records of the State Court (a Florida Court) with respect to the Foreclosure Case (a Florida Foreclosure Case). As such, said material is generally known within this Court's jurisdiction and can be readily and accurately determined. UWM thus hereby requests that the Court take judicial notice of the material attached to **Movant's Ex. No.1** and rely on it in considering this Motion.

### *R*ES *J*UDICATA

13.     "*Res judicata* prevents plaintiffs from bringing claims related to prior decisions when 'the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action.'" *Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357 (11th Cir. 2025). "In determining whether the causes of action for *res judicata* are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for purposes of *res judicata.*" *In re Piper*

*Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Each element of *res judicata* weighs in favor of UWM:

    a. The Property is situated in Polk County, Florida. Compl. at Ex. A. The State Court is thus a court of competent jurisdiction to render the Foreclosure Judgment under applicable Florida law. See, FLA. STAT. ANN. §§ 26.012, 47.011, 702.04.

    b. The Foreclosure Judgment resolves all parties and all claims made in the Foreclosure Case, and is thus final and appealable.

    c. UWM is the Plaintiff in the Foreclosure Case, and Plaintiff is a defendant in the Foreclosure Case.

    d. This case and the Foreclosure Case involve the same causes of action for *res judicata* purposes. Plaintiff premises each of the claims he asserts against UWM herein on the unsupported conclusion that the Mortgage "has been fully satisfied." Compl. at p. 1, last ¶. UWM asserts a default and amounts due under the Mortgage in the Foreclosure Case. Compl. at Ex. B. The Foreclosure Judgment judicially decrees the amounts due under the Mortgage. Thus, and notwithstanding the differences in form between the claims made herein and those made in the Foreclosure Case, each involve the same causes of action for *res judicata* purposes.

Plaintiff's claims are thus barred under the doctrine of *res judicata*, and the Complaint must be dismissed in its entirety.

**THE PLAINTIFF FAILS TO STATE A CLAIM**

14. A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of her entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*.; *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (naked assertions along with legal conclusions are not entitled to the presumption of truth). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also*, *Iqbal*, 556 U.S. at 678.

15. Plaintiff's allegations fall woefully short of stating a claim for relief. Rather than alleging facts from which this Court determine that he has at least stated a plausible claim for relief, Plaintiff limits the complaint to statements that the Mortgage has been in some way satisfied and via "one or more" of the fanciful theories he asserts (and by so doing Plaintiff judicially admits by implication that he has not honored his promise to pay under the Mortgage). See, Compl. ¶ 8. Each of Plaintiff's legal claims pleaded fail as a matter of law, and the Complaint should be dismissed in its entirety.

## Prayer

**WHEREFORE**, UWM prays that the Court grant the relief sought, and for such other and further relief as is just.

Signed:

/s/ Jessica R. Morris, Esq.
PADGETT LAW GROUP
Jessica Morris
Florida Bar #88785
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
attorney@padgettlawgroup.com
jessica.morris@padgettlawgroup.com
Attorney for United Wholesale Mortgage

## LOCAL RULE 3.01(g) CERTIFICATION

  I hereby certify that I attempted to confer with the plaintiff regarding the relief sought herein *via* email to melloq60@gmail.com on June 30, 2025. I have not received a response to said email.

/s/Heather Griffiths, Esq.
Heather Griffiths

## CERTIFICATE OF SERVICE

  I hereby certify that I submitted the foregoing to the Clerk of the above-captioned United States District Court via CM/ECF on July 11, 2025 and caused all attorneys or parties of record to be served via ECF on the same date.

Carmelo Quirindongo Gonzalez,
Plaintiff *pro se*
*via ECF*

/s/Jessica R. Morris, Esq.
Jessica R. Morris
